## IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND

| | |
|---|---|
| **NICOLE QUEEN**<br>7302 Dunbrook Ct, Apt C<br>Dundalk, MD 21222<br><br>*On her own Behalf and on Behalf of*<br>*All Persons Similarly Situated*<br><br>Plaintiff,<br><br>v.<br><br>**OLIVETREE MANAGEMENT LLC**<br>1777 Reisterstown Road<br>Suite 265 East<br>Baltimore, MD 21208<br><br>**Registered Agent:**<br>DBO Services MD LLC<br>1777 Reisterstown Road<br>Suite 290<br>Baltimore, MD 21208<br><br>Defendant. | Case No. ___C-03-CV-24-003963___<br><br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

In this class action, Plaintiff, Nicole Queen ("Queen" or "Plaintiff") on her own

behalf and on behalf of all others similarly situated, sues Defendant, OliveTree

Management LLC ("OliveTree" or "Defendant") for its uniform and systemic violation

of the Maryland Consumer Debt Collection Act ("MCDCA"). The violation stems from

the fact that in the 3 years preceding the filing of this action, while knowingly lacking

a Maryland mandated consumer collection agency license, Defendant has illegally

threatened to sue, sued, collected or attempted to collect from tens if not hundreds of

1

current and former consumer residential tenants. Any judgments obtained while OliveTree was unlicensed are unenforceable pursuant to *LVNV Funding, LLC v. Finch*, 463 Md. 586 (2019).

1.    OliveTree is the property management company for numerous apartment complexes in Maryland.

2.    As a property manager, OliveTree performs directly and/or indirectly collection activities for the owners of apartment complexes in Maryland.

3.    Collection activities include various forms of communication, such as sending invoices, notices, demands, ledgers, statements and other communications directly to consumers who are tenants at apartment complexes in Maryland seeking to collect rents that are owed.

4.    Collection activities by OliveTree include, but are not limited to, communications that are made orally, by mail, by email, by posting, and by other electronic means including the use of portals and web sites.

5.    OliveTree also engages in collection activities by directly or indirectly using the legal processes of the State of Maryland, including but not limited to the filing of lawsuits and related papers in the Maryland Courts.

6.    Collectively, OliveTree generally engages directly or indirectly in the business of collecting consumer debts in Maryland.

7.    OliveTree knows that it is required to have a Maryland Collection Agency license. It is actively managing multiple properties and knows that it needs a license or recklessly disregarded that it needs a license.  Any person engaging in

2

managing residential properties should know the legal requirements of acting as a collector for properties.

8.   OliveTree does not have a license to act as collection agency in the State of Maryland.

9.   Even though OliveTree does not have the required license, OliveTree engages in collection activity against individual consumers, including directly or indirectly filing collection lawsuits against individual consumers in the State of Maryland and otherwise seeking to collect from individual consumers.

10.   OliveTree, directly or indirectly, makes use of various official court forms in connection with the lawsuits it files.

11.   OliveTree's lawsuits filed directly or indirectly also include a pattern of demanding, obtaining judgments for and collecting interest and fees that are not legally owed.

12.   To the extent that OliveTree acts through any third party in order to carry out its collection activities, including but not limited to communications with debtor tenants, and/or including the filing of lawsuits and papers in the Maryland Courts, it does so in violation of the MCDCA.

13.   As a matter of law OliveTree cannot delegate its licensing obligation to third parties.

14.   OliveTree may not rely on licensing of third parties but must itself be licensed because licenses are issued to specific persons and are further limited to conduct collections from a specific location.

15.   Aside from obtaining court judgments which are unenforceable as a matter of law due to its unlicensed status, OliveTree also violates the MCDCA by

assessing, obtaining judgments for and also attempting to collect or collecting monies in amounts that are not legally owed even if OliveTree had a debt collection license.

16.     OliveTree directly and/or indirectly has undertaken and continues to undertake collection activities with regard to late fees in violation of the MCDCA and Maryland Consumer Protection Act, by undertaking such activities before late fees are permitted as a matter of law under Md. Com. Law Art. §14-1315.

17.     The late fee provision seeks to effect a waiver of Queen's and other class members rights in violation of Md. Code Ann., Real Prop. § 8-208 (d)(2) the prohibits any provision that "the tenant agree to waive or to forego any right or remedy provided by applicable law".

18.     Plaintiff seeks declaratory relief and monetary damages due to OliveTree's numerous violations of the MCDCA, the Maryland Consumer Protection Act and OliveTree's unjust and inequitable conduct which has resulted in unenforceable judgments and the collection of money from the class in other ways. The Plaintiff seeks to represent a class of all consumers against whom OliveTree has engaged in debt collection while unlicensed as a collection agency, including to have any judgments unlawfully entered declared unenforceable and all amounts wrongfully collected by OliveTree disgorged or awarded as damages.

## Parties

19.     Plaintiff is Nicole Queen who was a tenant and OliveTree sought to collect debts from her that were incurred primarily for personal, household or family purposes. She was a party to a residential lease prepared by OliveTree.

20.     Defendant OliveTree is a New Jersey corporation.

4

21.    OliveTree carries on business as a property management company that includes collection of consumer debts owed by consumers in Maryland.

22.    OliveTree acts as a collection agent for various property owners and managers in Maryland.

## Jurisdiction and Venue

23.    This Court has jurisdiction over all legal and the equitable claims asserted herein.

24.    This Court has jurisdiction of this matter pursuant to Maryland's class action rule, (Rule 2-231) that facilitates and promotes the efficient management of class actions.

25.    This court has jurisdiction to declare judgments unenforceable and enter monetary damages as stated in *Finch v. LNVV Funding, LLC, supra.*

26.    Declaratory and injunctive relief sought is available pursuant to Md. Code Ann., §§ 3-401 – 3-415, and Rule 2-231 (b)(2).

27.    Venue is proper in that the Defendant files lawsuits in and transacts business in Baltimore County.

## Facts

### *OliveTree Unlawfully Collects Consumer Debts – The Class*

28.    This case arises from OliveTree's systematic and sophisticated debt collection operation, carried on without a license and in violation of Maryland law.

29.    Md. Code Ann. Bus., Reg. § 7-401(a) prohibits any person from knowingly doing business as a collection agency without a license.

5

30.    A "collection agency" is "a person who engages . . . in the business of: (1) collecting for . . . another, a consumer claim." Md. Code Ann., Bus. Reg. § 7-101(c).

31.    A consumer claim is "a claim that: (1) is for money owed or said to be owed by a resident of the State; and (2) arises from a transaction in which for a family, household, or personal purpose, the resident sought or got credit, money, personal property, real property, or services." Md. Code Ann., Bus. Reg. § 7-101(e).

32.    OliveTree's claims and collection efforts, directly or indirectly, against current and former tenants are consumer claims.

33.    In threatening to sue, suing, obtaining judgments against and otherwise collecting from former tenants, directly or indirectly, OliveTree does business as a collection agency.

34.    Acting as a collection agency, OliveTree improperly, directly or indirectly, files actions in Maryland courts to obtain judgments against the Named Plaintiff and the Class Members as defined below.  The actions are improper when filed because OliveTree does not have a debt collection license.  For the same reason, and for the reasons stated in *Finch v. LVNV*, the judgments obtained by OliveTree against its former or current consumer tenants are unenforceable. Any money collected on unenforceable judgments is illegal and inequitable, and both the money collected and the profits obtained from the use of that money must be disgorged to the Named Plaintiff and the class.

35.    OliveTree routinely relies on written leases that include terms that state a series of charges or fees shall be considered "rent".

36.    OliveTree includes "late fees" or "late charges" as "rent" and they are imposed if a payment is paid less than 15 days before it is due. "Late fees" or "Late

Charges" charged by OliveTree when payment is not made in less than 15 days before it is due are illegal under Maryland law and therefore cannot be considered as "rent" as set forth in leases that OliveTree collects on directly or indirectly.

37.     The term "rent" does not include the items that the lease deems "rent". The lease definition of "rent" is a false or misleading representation to Plaintiff and others who have entered into a lease that is managed by the Defendant.

38.     OliveTree knows that the lease provisions claiming additional amounts as "rent" is unenforceable or acts with reckless disregard that the lease provision is unenforceable.

39.     OliveTree undertakes collection of "Late Fees / Late Charges" that are not at least 15 days late.

40.     OliveTree knows that the lease provisions claiming the right to charge "Late Fees" or "Late Charges" that are not at least 15 days late is directly contrary to Md. Com. Law Art. §14-1315 of the Maryland Consumer Protection Act additionally and/or in the alternative OliveTree acts with reckless disregard of the law governing late fees.

41.     Upon information and belief, OliveTree routinely calculates its late fees or late charges based on the rent amount and other amounts that it claims to be rent. By doing so, it exceeds the maximum late fee allowed by Maryland law.

42.     Despite the size and sophistication of OliveTree's collection operation, OliveTree has a pattern and practice of violating Maryland law.

43.     OliveTree has never obtained a license to collect debts, but has collected debts in Maryland for many years, directly or indirectly.

44.    Maryland law states that "(a) Except as otherwise provided in this title, a person may not knowingly and willfully do business as a collection agency in the State unless the person has a license." Md. Code Ann., Bus. Reg. § 7-401.

45.    OliveTree is knowingly and willfully doing business as a collection agency without a collection license.

46.    Olive Tree is and has been engaged in the business of acting as a property manager and knows it should have a license,

47.    Other large property managers in Maryland have obtained collection agency licenses.

48.    OliveTree has unjustly enriched itself and others by using Maryland courts, directly or indirectly, and other methods to engage in the business of debt collection without a license. The judgments obtained by OliveTree in Maryland are unenforceable.

49.    OliveTree's collection of debt, including through lawsuits, from Plaintiff and others was done illegally.

50.    OliveTree use of third parties to collect does not insulate OliveTree from liability.

51.    The fact that some of Plaintiff Class Members defaulted or consented to judgment does not impact the unenforceability of any judgment obtained through OliveTree's direct or indirect collection activities.

52.    Plaintiff and the Class were harmed when OliveTree, while operating as a debt collection agency, directly or indirectly, without the required license, threatened lawsuits, obtained judgments against them or collected alleged debts, interest, and costs (including attorney fees) or otherwise collected from them. The

damage arose from the collecting, obtaining or enforcing of improperly obtained judgments and otherwise collecting, directly or indirectly, from the Plaintiff and others including improper late fees.

## Facts Related to Queen

53.    Queen rented from OliveTree Management Corporation with a lease that commenced on December 21, 2023.

54.    OliveTree Management Corporation acted as the management company.

55.    Queen signed a standard form lease provided to her and made her rent payments to the OliveTree Management Corporation collecting for the owner.

56.    OliveTree's lease form purports to have Queen and others waive rights under Maryland, stating that costs besides rent are to be considered rent, calculating late fees or late charges based on the "rent" and costs that are identified as "rent" and charging late fees or late charges when the rent is past due less than 15 days.

57.    When OliveTree collected, directly or indirectly, from Queen as the Landlord's agent, OliveTree did not have a license as a Collection Agency as required under Maryland law.

58.    As a proximate result of OliveTree's illegal collection activities, Queen suffered actual damages including but not limited to paying fees wrongfully charged

## Class Allegations

59.    The Class is defined as:

All individuals who are or were a residential tenant with an address in the State in Maryland that OliveTree Management

9

Corporation sought to collect from in the three years preceding the filing of the Complaint in this action until the filing of the Complaint in this action.

60.    A Subclass is defined as:

a.    All members of the Class

b.    Who OliveTree imposed late fees or late charges when rent was less than 15 days past due, stated that costs besides rent would be considered rent or calculated late fees based on "rent" and costs to be considered "rent"; and

c.    Paid any money to Olive Tree.

61.    The following people are excluded from the class:

a.    employees or independent contractors of the Defendant;

b.    relatives of employees and independent contractors of the Defendant;

c.    employees of the Court where this action is pending.

62.    The Members of the Class and Subclass are ascertainable.  The Class Members are readily identifiable from the information and records in the possession or control OliveTree or its affiliated entities and agents.

63.    The Members of the Class is sufficiently numerous that individual joinder of all members is impractical: upon information and belief, OliveTree as the managing agent of numerous apartment complexes has engaged in collection from hundreds if not thousands of individual residential tenants that are Class Members in the three years preceding this action.

64.    The Members of the Subclass is sufficiently numerous that individual joinder of all members is impractical: upon information and belief, OliveTree as the managing agent of apartment complexes has utilized a lease that imposed late fees or late charges when rent was less than 15 days past due, stated that costs besides rent

would be considered "rent" or calculated late fees based on rent and costs considered "rent" under the lease with hundreds of individual residential tenants that are Subclass Members in the three years preceding this action.

65.    There are questions of law and fact common to the Class Members which predominate over any questions affecting only individual members and, in fact, the wrongs alleged against OliveTree by the Class Members and the remedies sought by Plaintiff and the Class Members against OliveTree are identical, the only difference being the exact monetary sum which each Class Member is entitled to receive from OliveTree. The common issues of Fact and Law include but are not limited to:

a)    Whether OliveTree acted as a collection agency in the State of Maryland;

b)    Whether OliveTree was licensed to act as a collection agency in Maryland;

c)    Whether this Court may declare any judgments against the Class Members unenforceable in accordance with the decision in *Finch v. LVNV Funding, LLC, supra*;

d)    Whether OliveTree threatened or took actions that it had no right to take under state law.

e)    Whether OliveTree sought amounts not legally due to property owners from class members.

66.    There are questions of law and fact common to the Subclass Members which predominate over any questions affecting only individual members and, in

fact, the wrongs alleged against OliveTree by the Subclass Members and the remedies sought by Plaintiff and the Subclass Members against OliveTree are identical. The common issues of Fact and Law include but are not limited to:

      a.     Whether the Lease provisions concerning "rent" violates Maryland law, including. Md. Code Ann., Real Prop. § 8-208 (d)(2)?

      b.     Whether the Lease provisions that imposed late fees or late charges when rent was less than 15 days past due violates Maryland law, including. Md. Code Ann., Real Prop. § 8-208 (d)(2)?

      c.     Whether the Lease provisions that stated that costs besides rent would be considered rent or calculated late fees based on rent and costs considered rent under the lease provisions violates Maryland law, including. Md. Code Ann., Real Prop. § 8-208 (d)(2)?

      d.     Whether the Plaintiff and Subclass members are entitled to declaratory, injunctive and other relief against OliveTree for violations of Md. Code Ann., Real Prop. § 8-208 (d)(2).

      67.     Plaintiff's legal and equitable claims are typical and the same or identical for each Class Member and Subclass members she represents and will be based on the same legal and factual theories.

      68.     OliveTree's defenses would be typical and the same or identical for each Class and Subclass Member and will be based on the same legal and factual theories.

      69.     Named Plaintiff will fairly and adequately protect the interests of all Class and Subclass Members who she represents in the prosecution of this action. Named Plaintiff is similarly situated with, and has suffered similar injuries as, the

Class and Subclass Members Named Plaintiff seeks to represent. Named Plaintiff feels that she has been wronged, wishes to obtain redress of the wrong, and wants Defendant to be stopped from enriching itself from illegal activities or otherwise perpetrating similar wrongs on others.

70.     To that end, the Named Plaintiff has retained counsel experienced in handling class action suits involving unfair or deceptive business practices that harm consumers.  Further, Plaintiff's counsel includes counsel of record in *LVNV v. Finch, supra,* and other related consumer class actions against unlicensed debt collectors.

71.     Certification of a Class under Rule 2-231 (b)(2) is appropriate because Defendant, by acting as a collection agency without a license, has acted on grounds generally applicable to the class, making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

72.     Certification of a Subclass under Rule 2-231 (b)(2) is appropriate because Defendant, by including lease provisions that seek to waive rights of tenants, Defendant has acted on grounds generally applicable to the Subclass, making appropriate final injunctive relief or corresponding declaratory relief with respect to the Subclass as a whole

73.     Certification of a Class under (b)(3) is appropriate as to the Class Members in that common questions predominate over any individual questions and a class action is superior for the fair and efficient adjudication of this controversy.  A class action will cause an orderly and expeditious administration of the Class Members' claims, and economies of time, effort and expenses will be fostered and uniformity of decisions will be insured.

74.    The only individual questions concern the identification of Class Members and who are entitled to any funds that OliveTree is ordered to disgorge as the fruit of its unlawful activities or share in any legal or restitution damages permitted by law. This information can be determined by a ministerial examination of public records in various court houses or from the Defendant's business records or other sources, which are admissible as an exception to the hearsay rule and as a statement by a party. Defendant is required by law to keep records of any payments it receives from tenants. Md. Code Ann., Real Prop. § 8-208.3

75.    The Plaintiff Class Members and Subclass Members have suffered damages, losses, and harm similar those sustained by the Plaintiff and described above.

76.    The amount in controversy for each of the counts listed below is in excess of $75,000 and is subject to further discovery as to the size of the class.

## COUNT I
### Declaratory Judgment, Injunctive and Ancillary Relief Regarding Unenforceable Judgments Obtained by an Unlicensed Collection Agency

77.    Plaintiff incorporates the foregoing allegations.

78.    Plaintiff seeks a declaration, individually and on behalf of the Plaintiff Class Members that (i) OliveTree was operating as a collection agency under Maryland law; (ii) any judgments obtained by OliveTree are unenforceable since OliveTree had no legal right to file the actions or obtain judgments; and (iii) OliveTree has no right to any amounts obtained in connection with its collection activities, including filing lawsuits.

14

79.    As ancillary relief, OliveTree should be ordered to disgorge all amounts it has collected from the Plaintiff Subclass Members as a result of filing the lawsuits, any judgments entered on the complaints improperly filed against the Plaintiff Class Members or otherwise collected. The disgorged amounts are liquidated amounts.

80.    As further ancillary relief, OliveTree should be ordered to disgorge all amounts it has collected from the Plaintiff Subclass Members for any "late fees" or "late charges" when rent was past due less than 15 days. The disgorged amounts are liquidated amounts.

81.    As further ancillary relief, OliveTree should be ordered to disgorge all income, profits or other advantages it obtained using the funds collected from Named Plaintiff and the Subclass Members.

82.    OliveTree should be enjoined from attempting to collect on any judgments obtained by OliveTree against Plaintiff Class Members initiated by complaints it filed when it did not have a license.

83.    OliveTree engaged in debt collection, directly or indirectly, against Plaintiff Class Members by complaints it filed or otherwise seeking payments when it did not have a license.

84.    Alternatively, Plaintiff seeks a declaration that OliveTree is not entitled to the assistance of any Maryland court to enforce any claim OliveTree obtained improperly.

**WHEREFORE**, Plaintiff and Class Members ask the Court to:

a.    Certify this case as a class action with the Plaintiff as class representative and Plaintiff's attorneys as counsel on behalf of the Plaintiff

Class Members and Subclass Members described herein;

b.    Order appropriate declaratory and injunctive relief against OliveTree to prevent further violations of law or providing benefits to OliveTree from its illegal activities, including a preliminary and permanent injunction;

c.    Order the Defendant to disgorge all amounts collected from Plaintiff Subclass Members based upon the lawsuits filed, any judgments entered improperly against Plaintiff Class Members or otherwise collected when OliveTree acted as a collection agency without a license along with prejudgment interest on any amounts awarded to Plaintiff Subclass Members;

d.    Order the Defendants to disgorge all income, profits or other advantages it obtained through the use of the funds collected from Named Plaintiff and the Subclass.

e.    Alternatively, for a declaratory judgment that OliveTree is not entitled to the assistance of any Maryland Court to collect any judgment obtained illegally or collect from Plaintiff or other class members.

f.    Award reasonable attorney's fees, litigation expenses and costs;

g.    Order appropriate declaratory relief; and

h.    Provide such other or further relief as the Court deems appropriate.

## COUNT II

### Unjust Enrichment

16

85.    Plaintiff incorporates the foregoing allegations.

86.    Defendant OliveTree was not entitled to receive any benefit or payments from Subclass Members through collection activities because it did not have the legal right to engage in debt collection without a collection agency license.

87.    OliveTree knew or acted with reckless disregard that it was required to have a license to act as a collection agency in the State of Maryland and it failed to obtain a license to act as collection agency before seeking monies from Class Members.

88.    OliveTree was not entitled to receive any benefit or payments from Subclass Members from illegal provisions.

89.    Due to its knowledge and position, OliveTree had an appreciation that it was not entitled to receive the benefits it was collecting from Class Members related to collections actions filed, judgments it improperly obtained or through other collection efforts.

90.    Due to its knowledge, OliveTree had an appreciation that it was not entitled to receive the benefits it was collecting from Subclass Members related to collections, actions filed and the void judgments it improperly obtained.

91.    Due to its knowledge, OliveTree had an appreciation that it was not entitled to receive the benefits it was collecting from Subclass Members based on illegal lease provisions.

92.    The acceptance and retention by OliveTree of any sums obtained by it from the Subclass Members under such circumstances is inequitable since OliveTree did not have the legal right to collect such payments. The amounts accepted and

retained by OliveTree are liquidated amounts, and any profits or advantage obtained from the use of those amounts should be disgorged.

**WHEREFORE**, Named Plaintiff and Subclass Members ask the Court to:

a.      Certify this case as a class action with Named Plaintiff as Subclass representative and Plaintiff's attorneys as counsel on behalf of the Plaintiff Subclass members described herein;

b.      Grant a money judgment and order the Defendant to disgorge and pay to the Plaintiff Subclass Members all amounts collected by OliveTree; a sum in excess of $75,000 and any amounts that OliveTree profited or benefitted from by using the money of Class Members.

c.      Order the Defendant to disgorge all income, profits or other advantages it obtained through the use of the funds collected from Plaintiff and the Subclass.

d.      Award pre-judgment interest on the sums described above.

e.      Award reasonable attorney's fees, litigation expenses and costs; and

f.      Provide such other or further relief as the Court deems appropriate.

## COUNT III
### Maryland Consumer Debt Collection Practices Act and the Maryland Consumer Protection Act

93.     Plaintiff incorporates the foregoing allegations.

94.     OliveTree has engaged in the business of collecting consumer debts and during that business its collection efforts included, directly or indirectly, collecting from and filing lawsuits against the Plaintiff and Class Members when it

was not licensed to act as a collection agency.

95.     OliveTree has collected amounts from Plaintiff and Subclass Members based on illegal lease provisions.

96.     OliveTree violated the MCDCA and MCPA in numerous ways when it directly or indirectly participated in collecting from Class Members and Subclass Members, engaging in collection efforts, filing lawsuits and obtaining judgments when it was unlicensed.

97.     OliveTree violated the MCDCA and MCPA in numerous ways when it directly or indirectly collected money from Subclass Members based on illegal lease provisions.

98.     OliveTree falsely or misleadingly represented that late fees were owed when payment was less than 15 days past due and that rent includes additional charges.

99.     OliveTree violated the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law § 14-201 *et seq*. (MCDCA) by acting as a debt collector without a license. In particular, Defendant violated Md. Code Ann., Com. Law § 14-202(8) which prohibits a debt collector from making any "[c]laim, attempt, or threaten to enforce a right with knowledge that the right does not exist."

100.    Defendant's knowing initiation and participation in collection efforts, directly or indirectly, including lawsuits, on debts that are not legally enforceable violates § 14-202(8).

101.    OliveTree violated the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law § 14-201 *et seq*. (MCDCA) by collecting amounts not legal due from Plaintiff and others. In particular, Defendant violated Md. Code Ann., Com.

Law § 14-202(8) which prohibits a debt collector from making any "[c]laim,

attempt, or threaten to enforce a right with knowledge that the right does not exist."

102.    The Defendant also violated in Md. Code Ann., Com. Law § 14-202(3)

and (4).

103.    Defendant's collection of interest and collection costs on debts which

it did not have a legally enforceable right to collect violates § 14-202(8).

104.    Defendant's collection of money based on lease provisions which were

not legally enforceable violates § 14-202(8).

105.    The collections or lawsuits initiated and participated in by Defendant

against the Named Plaintiff, Class Members and Subclass Members concerned "real

or personal property, services, money, or credit for personal, family, or household

purposes." Md. Code Ann., Com. Law § 14-201(b).

106.    The leases initiated and participated in by Defendant against the

Named Plaintiff and Class Members concerned "real or personal property, services,

money, or credit for personal, family, or household purposes." Md. Code Ann., Com.

Law § 14-201(b).

107.    The Defendant's actions in violation of the MCDCA also constitute a

per se violation of the Maryland Consumer Protection Act, Md. Code Ann., Com.

Law § 13-101, *et seq.* (MCPA) under Md. Code Ann., Com. Law § 13-301(14)(iii).

108.    Named Plaintiff, the Class Members and Subclass Members were

damaged as described above, and suffered cognizable and legally compensable

injury or loss, including but not limited to out of pocket losses in the form of

moneys collected and attorney's fees paid or incurred.

109.    This action is timely for all claims against the Defendant because the

statute of limitations was tolled by the Defendant's failure to disclose material facts which deceived or tended to deceive the Named Plaintiff and Class Members as to the Defendant's right to act as debt collector in the State of Maryland before it obtained a required license. Defendant had an affirmative duty to disclose these material facts under the MPCA, Md. Code. Ann. § 13-301 (3).

**WHEREFORE** Plaintiff, the Class Members and the Subclass Members therefore ask the court to:

a. Certify this case as a class action with the Plaintiff as class representative and Plaintiff's attorneys as counsel on behalf of the Class Members and Subclass described herein;

b. Grant a money judgment in favor of the Plaintiff, Class Members and the Subclass Members in an amount in excess of $75,000 as determined by a jury, for violations of the MCDCA in such amount in excess of $75,000 as to be determined by a jury at trial for all amounts collected by the Defendants from the Plaintiff and Subclass.

c. Award reasonable attorney's fees, litigation expenses and costs pursuant to Md. Code Ann., Com. Law § 13-408; and

d. Provide such other or further relief as the Court deems appropriate.

## COUNT IV
### Declaratory Judgment, Injunctive and Ancillary Relief Regarding Illegal Lease Provisions

110. Plaintiff incorporates the foregoing allegations.

111. Plaintiff seeks a declaration, individually and on behalf of the Plaintiff Class Members that any lease provision claiming charges as additional rent, imposing

late fees or late charges when rent is less than 15 days past due or contrary to the security deposit law are unenforceable since they violate Maryland law.

112.    OliveTree should be enjoined from attempting to enforce any lease provision that violates Md. Code Ann., Real Prop. § 8-208 (d)(2).

113.    As further ancillary relief, OliveTree should be ordered to disgorge all amounts it has collected from the Plaintiff Subclass Members for any "late fees" or "late charges" when rent was past due less than 15 days or based on any other lease provisions. The disgorged amounts are liquidated amounts.

114.    OliveTree should be enjoined from attempting to enforce any lease provision that violates Md. Code Ann., Real Prop. § 8-208 (d)(2).

115.    Alternatively, Plaintiff seeks a declaration that OliveTree is not entitled to the assistance of any Maryland court to enforce any claim OliveTree seeks to enforce based on an illegal lease provision.

**WHEREFORE**, Plaintiff, Class Members and Subclass Members ask the Court to:

a.  Certify this case as a class action with the Plaintiff as Representative and Plaintiff's attorneys as counsel on behalf of the Plaintiff Class Members and Subclass Members described herein;

b.  Order appropriate declaratory and injunctive relief against OliveTree to prevent further violations of law or providing benefits to OliveTree from its illegal activities, including a preliminary and permanent injunction;

c.    Award ancillary relief requested;

d.    Alternatively, for a declaratory judgment that OliveTree is not entitled to the assistance of any Maryland Court to enforce any illegal lease provision;

e.    Award reasonable attorney's fees, litigation expenses and costs; and

f.    Provide such other or further relief as the Court deems appropriate.

## COUNT V – Claim for Attorneys Fees Allowed By Law

116.    Pursuant to Rule 2-703(b) the Plaintiff includes this separately numbered claim for attorney's fees in this initial pleading.   Further, pursuant to Rule 2-703(d), the Plaintiff advises the court and the Defendant that she believes that this case is likely to result in a substantial claim for attorneys' fees for services over a significant period of time.

Respectfully Submitted,

/s/ Scott C. Borison
SCOTT C. BORISON
CPF# 9601290001
MADISON J. BORISON
CPF# 2405231014
Borison Firm, LLC
1400 S. Charles St
Baltimore, MD 21230
(301) 620-1016
scott@borisonfirm.com

Lawrence R. Holzman
CPF # 9212160070
Holzman Law Firm, LLC

One Research Ct, Suite 450
Rockville, MD 20850
(301) 876-4393
lholzman@theholzmanlawfirm.com

ATTORNEYS FOR THE NAMED
PLAINTIFFS AND THE CLASS

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues triable of right by a jury.

Respectfully Submitted,


/s/ Scott C. Borison
SCOTT C. BORISON