## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **NICOLE QUEEN** | |
| *On her own Behalf and on Behalf of All Persons Similarly Situated* | |
| Plaintiff, | Civil Action No. 1:24-CV-3474-BAH |
| v. | |
| **OLIVETREE MANAGEMENT LLC** | **JURY TRIAL DEMANDED** |
| Defendant. | |

## AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

In this class action, Plaintiff, Nicole Queen ("Queen" or "Plaintiff") on her own behalf and on behalf of all others similarly situated, sues Defendant, OliveTree Management LLC ("OliveTree" or "Defendant") for its uniform and systemic violation of the Maryland Consumer Debt Collection Act ("MCDCA"). The MCDCA violations are per se violations of the Maryland Consumer Protection Act ("MCPA").

1. The violations of the MCDCA include (i) that in the 3 years preceding the initial filing of this action, while knowingly lacking a Maryland mandated consumer collection agency license, Defendant has illegally threatened to sue, supported collection suits, collected payments from tens if not hundreds of current and former consumer residential tenants on behalf of others illegally. Any judgments obtained, when OliveTree was unlicensed, are unenforceable pursuant to *LVNV Funding, LLC v. Finch*, 463 Md. 586 (2019) and (2) seeking to enforce illegal lease provisions such as late fee provisions that waive the rights of tenants by collecting amounts it knew that it did not have the right to collect from tenants.

1

2.      The Defendant's presentation or enforcement of illegal lease provisions that appoint a company to collect for others without a collection agency license, permits late fees contrary to law, permits excessive late fees in failure to pay rent actions, grants a landlord or its agent the right to allocate payments received or allows a landlord or its agent to seek costs associated with failure to pay rent actions other than costs awarded by courts illegally waive the rights of tenants and all violate the provisions of Real Prop. Art. §8-208(d)(2).

3.      Plaintiff and the proposed class are entitled to a return of all amounts paid to Defendant and for a return of all late fees or other charges illegally collected by the Defendant along with appropriate relief allowed.

**PARTIES**

4.      OliveTree Management LLC is the property management company for apartment complexes in Maryland that rent residential apartments.

5.      Plaintiff is Nicole Queen, whom rented a residential property with others at the apartment complex advertised by OliveTree.

**Facts Relating To OliveTree**

6.      As a property manager, OliveTree engages directly or indirectly in the business of collecting for others because OliveTree collects rent and manages apartment complexes. OliveTree manages a complex known as "Foundry by the Park". "Foundry by the Park" is allegedly owned by Foundry Apartments Dundalk LLC.

7.      OliveTree is empowered under the terms of leases with Plaintiff and others to collect and receive payments for amounts from tenants and is identified as the Landlord's managing agent. See Ex. A, Lease Agreement at ¶ 1.

8.      Defendant presents and enforces lease provisions that waive tenants' rights under Maryland law, including granting the right to allocate a tenant's payments (Ex. A, ¶ 6) imposing late fees contrary to law based on treating all charges as additional rent (Ex. A, ¶ 2), a provision for collecting attorney expenses and other charges for that apply to all collections including failure to pay rent actions. *Id*.

9.      The lease also states that the late fees, attorney fee provisions and other charges for administrative fees would be considered "additional rent".  See Exhibit A, Lease Agreement at ¶ 2.

10.      The late fee provision states that a late charge shall be 5% of the base rent. However, as alleged below, OliveTree claims late fees for failure to pay rent based on the base rent and other charges in addition to the base rent.

11.      As a property manager, OliveTree performs directly and/or indirectly collection activities for the owners of apartment complexes in Maryland.

12.      OliveTree is in the business of collecting debts for others, directly or indirectly.

13.      OliveTree has presented and enforced lease provisions that waives the rights of tenants.

14.      OliveTree is paid fees or other compensation for its collection efforts on behalf of the owners of apartment complexes it manages.

15.      Upon information and belief, OliveTree's compensation from the owners of the apartment complexes it manages is tied to the collections made by OliveTree for the owners of apartment complexes it manages.

16.      OliveTree received compensation or other benefits from the amounts paid by Plaintiff and class members.

17.     OliveTree engages in collection activities by directly or indirectly using the legal processes in the State of Maryland, including but not limited to being responsible for the filing of lawsuits and related papers in the Maryland Courts. OliveTree has filed failure to pay rent actions against tenants, including the Plaintiff, asserting it OliveTree is the plaintiff because "OliveTree Management TA Foundry by the Park Townhomes".

18.     Upon information and belief, OliveTree arranged for the services of the attorneys to file actions to collect rent from Plaintiff and other tenants.

19.     Upon information and belief, OliveTree provides witnesses for rent collection actions before Maryland Courts.

20.     Upon information and belief, OliveTree directed the attorneys to file collection actions against tenants including against the Plaintiff.

21.     OliveTree's efforts to collect monies from Plaintiff and other tenants is done for others.

22.     OliveTree is hired to collect amounts Landlords claim is owed for rent, utilities, late fees and other services.

23.     Upon information and belief there is a management agreement between OliveTree and the Landlord to collect rent and initiate lawsuits on their behalf.

24.     OliveTree's collection activities include sending communications to tenants, preparing and maintaining ledgers reflecting amounts claimed to be owed to Landlords, arranging legal services and providing information for use in collection actions against tenants.

25.     OliveTree also files failure to pay rent actions against Tenants.

26.    The communications with Tenants at apartment complexes are with OliveTree and not employees of the owners of any apartment complexes managed by OliveTree.

Maryland Collection Agency Licensing Act

27.    Md. Code Ann. Bus., Reg. § 7-401(a) prohibits any person from knowingly doing business as a collection agency without a license.

28.    A "collection agency" is "a person who engages . . . in the business of: (1) collecting for . . . another, a consumer claim." Md. Code Ann., Bus. Reg. § 7-101(c).

29.    A consumer claim is "a claim that: (1) is for money owed or said to be owed by a resident of the State; and (2) arises from a transaction in which for a family, household, or personal purpose, the resident sought or got credit, money, personal property, real property, or services." Md. Code Ann., Bus. Reg. § 7-101(e).

30.    OliveTree's claims and collection efforts, directly or indirectly, against current and former tenants are for consumer claims.

31.    In collecting or attempting to collect from current or former tenants, directly or indirectly, OliveTree does business as a collection agency.

32.    OliveTree is knowingly and willfully doing business as a collection agency without a collection license.

33.    Other property managers in Maryland have obtained collection agency licenses.

34.    Acting as a collection agency, OliveTree improperly, directly or indirectly, participates in filing actions in Maryland courts to obtain judgments against the Plaintiff and others.  The actions are improper when filed because OliveTree does not have a debt collection license.

35. For the reasons stated in *LVNV Funding v. Finch*, the judgments obtained through OliveTree's collection efforts against its former or current consumer tenants are unenforceable.

36. Any money collected on unenforceable judgments is illegal and inequitable, and both the money collected and the profits obtained from the use of that money must be disgorged to the Named Plaintiff and the class.

37. Any person engaging in managing residential properties should know the legal requirements of acting as a collector for properties. The Attorney General issued an opinion in 1980 that third parties collecting for landlords are collection agencies. 65 Md. Op. Atty. Gen. 316 (Md 1980)("If the tenant is a Maryland resident and if the leasehold interest is acquired for 'personal, family, or household purposes', these third party rent collectors fall within the balance of the definition as well. Therefore, unless they arespecifically excluded under § 323(b)(2), they must be licensed under the statute as collection agencies..."). *Williams v. Ewrit Filings, LLC*, 253 Md. App. 545, 558–59 (2022) cert. den. 478 Md. 518 (2022) the Court "note[d] the breadth of the Attorney General's position—any party collecting rent for another is a debt collection agency."

38. OliveTree does is not licensed as a collection agency in Maryland.

39. Although OliveTree does not have a collection agency license, it is named as the agent for the owners of the apartment complex to collect rent and fees.

40. OliveTree cannot delegate its licensing obligation to third parties.

41. OliveTree may not rely on licensing of third parties but must itself be licensed because licenses are issued to specific persons and places.

Maryland Consumer Debt Collection Act

42.    Maryland Consumer Debt Collection Act ("MCDCA") provides that a "Collector" means a person collecting or attempting to collect an alleged debt arising out of a consumer transaction. Comm. Law Art. §14-201(b)

43.    A "consumer transaction" means any transaction involving a person seeking or acquiring real or personal property, services, money, or credit for personal, family, or household purposes. Comm. Law Art. §14-201(c).

44.    A residential lease is an "archetypical consumer transaction". *Smith v. Westminster Mgmt., LLC*, 257 Md. App. 336, 377, cert. granted, 483 Md. 571, (2023), and aff'd, 486 Md. 616, (2024)

45.    OliveTree is a "collector" as defined by the MCDCA, Comm. Law Art. §14-201(b).

46.    The MCDCA prohibits a collection agency from engaging in conduct in violation of Maryland Collection Agency Licensing Act ("MCALA"). Md. Code Ann., Comm. Law § 14-202(10)(engaging in debt collection without a license). A violation of the MCDCA is a per se violation of the MCPA. Md. Code Ann., Comm. Law § 13-301(14)(ii).

47.    Engaging in debt collection without a collection agency license also violates Md. Comm. Law Art. §14-202(8) of the MCDCA because it is an assertion of a legal right that Defendant knows it does not have the right to assert. A violation of the MCDCA is a per se violation of the MCPA. Md. Code Ann., Comm. Law § 13-301(14)(ii).

48.    Engaging in debt collection also violates provisions of the Fair Debt Collection Practices Act, including 15 U.S.C.A. 1692e(2) and (5), which are incorporated into the MCDCA, Md. Comm. Law Art. §14-202(11). A violation of the MCDCA is a per se violation of the MCPA. Md. Code Ann., Comm. Law § 13-301(14)(ii).

49.     The Plaintiff's lease provides that any late fee will be calculated based on the base rent amount. This statement is false because the Defendant has sought and collected late fees based on calculating the late fee based on the base rent and other charges.

50.     The false statement violates the MCPA that prohibits the use of false oral or written statements. Md. Comm. Law Art. §13-301(1)

51.     To the extent that OliveTree acts through any third party to carry out its collection activities, including but not limited to communications with debtor tenants, legal service providers, payment services and/or including arranging for the filing of lawsuits and papers in the Maryland Courts, it does so in violation of the MCDCA.

Real Property Art. §8-208

52.     Any person who elects to act as a property manager should know the law regarding what provisions may be included in residential leases that it presents to tenants or what provisions that it may enforce.

53.     The lease presented and enforced by OliveTree also includes the following provisions that Plaintiff contends waives the right or remedies of a tenant:

> **Definition of Rent.** All payments from Tenant to Landlord required under terms of this Lease, including, but not limited to, Base Rent, court costs, late fees, bad check charges, the costs of repairs pursuant to Paragraph 17 hereof, Pet Rent, Parking Space Rent, and expenses incurred by the Landlord for attorneys' fees or for filing fees necessary to enforce the Lease, shall be deemed rent.

Exhibit A at ¶ 2, p. 1.

> **Late Charges.** Tenant covenants and agrees to pay, as additional rent, a charge of five percent (5%) of the base rent, as a late charge in the event that Tenant shall fail to pay an installment of the rent after the fifth (5th) day of the calendar month in which it became due and payable. This late charge shall not constitute a waiver of the Landlord's right to institute proceedings for rent, damages and and/or repossession of the Property for non-payment of any installment of rent.

Exhibit A at ¶ 4, p. 1.

> **Fees.** In the event that Tenant... violate any term or provisions of this Lease, Tenant shall pay to Landlord, in addition to any other damages and expenses incurred by Landlord as a result thereof, such court costs, filing costs, agent fees, and reasonable attorneys' fees as are incurred by the Landlord whether or not Landlord institutes legal proceedings.

Exhibit A, ¶ 7, p.2.

54.    OliveTree knows, or acts in reckless disregard, that the law does not permit it to charge late fees of 5% if rent is not paid by the sixth day after it is due.

55.    OliveTree knows, or acts in reckless disregard, that the law does not permit it to include late fees more than 5% of the rent in failure to pay rent actions against tenants.

56.    OliveTree knows, or acts in reckless disregard, that the law does not allow it to charge late fees based on a percentage of other than the base rent.

57.    OliveTree knows, or acts in reckless disregard, that the law does not allow it to allocate payments from a tenant.

58.    OliveTree knows, or acts in reckless disregard, that the law does not permit it to charge any amounts arising from a rent or legal action unless it has been allowed by a court.

59.    OliveTree knows, or acts in reckless disregard, that the law does not permit it to treat any amounts as "additional rent".

60.    OliveTree knows, or acts in reckless disregard, that it may not present residential leases that include provisions in residential leases that waive the rights of any tenants.

61.    OliveTree knows, or acts in reckless disregard, that the law does not allow it to enforce provisions in residential leases that waive the rights of any tenants.

62.     Md. Comm. Law Art. §14-202(8) of the MCDCA prohibits any collector from asserting a legal right that Defendant knows it does not have the right to assert. A violation of the MCDCA is a per se violation of the MCPA. Md. Code Ann., Comm. Law § 13-301(14)(ii).

63.     Section 8-208(d)(2) of the Real Property Article prohibits any person from presenting or enforcing any provision of a residential lease that waives the rights of any tenant.

64.     Section 8-208(g) provides that any lease provisions prohibited by §8-208(d)(2) is unenforceable.

65.     Section 8-208(g) further provides "…tenders a lease containing such a provision or attempts to enforce or makes known to the tenant an intent to enforce any such provision, the tenant may recover any actual damages incurred as a reason thereof, including reasonable attorney's fees."

## FACTS RELATING TO QUEEN

66.     Plaintiff Queen rented an apartment at a complex managed by OliveTree. The complex is known as "Foundry by the Park" in Dundalk, Maryland. It is not owned by OliveTree. It offers apartments for residential use.

67.     Queen entered into "a year to year lease commencing on 12/21/2023 and ending on 11/30/2024 at the monthly rental of $1,075.00 in advance as set forth in paragraph 1 below. In addition to a pet fee of $40 (per pet if applicable) and a parking charge of $0.00. Additionally, tenant is required to pay a utility fee of $45 for a 1 bedroom unit or$55 for a 2 bedroom unit" See Ex. A.

68.     Upon information and belief, her lease was a lease form regularly presented and enforced by Defendant against her and the members of a proposed class.

10

69.    OliveTree sued her on May 24, 2024 by filing a Failure to Pay Rent Action ("FTPR"), Case D-08-LT-24-20104-100.

70.    In the FTPR action OliveTree claimed that the Plaintiff owed rent of $1120.00. OliveTree also claimed she owed late fees of $56.00.

71.    The rent for her apartment was $1,075. Upon information and belief, the rent asserted by OliveTree wrongfully included a $40 pet fee and a $45 utility charge because the lease treats these amounts as "additional rent".

72.    The late fee based on the rent of $1,075 was $53.75 not the $56 set forth in the FTPR complaint.

73.    Defendant collected the late fee included in its FTPR suit from the Plaintiff.

74.    Defendant filed subsequent FTPR suits against the Plaintiff and in each suit, it sought a late fee more than 5% of the rent due.

75.    In Case No. Case D-08-LT-24-24785-133 OliveTree asserted the rent due was more than $1075 and the late fee was more than 5% of the rent amount. The unpaid amounts were alleged to be for the month of May, 2024.  No claim was made for any prior month confirming Plaintiff paid all months before that month.

76.    In Case No. Case D-08-LT-24-27751-140 OliveTree asserted the rent due was more than $1075 and the late fee was more than 5% of the rent amount. The unpaid amounts were alleged to be for the month of June, 2024. No claim was made for any prior month confirming Plaintiff paid all months before that month.

77.    In Case No. Case D-08-LT-24-31390-114 OliveTree asserted the rent due was more than $1075 and the late fee was more than 5% of the rent amount. The unpaid amounts were alleged to be for the month of July, 2024. No claim was made for any prior month confirming Plaintiff paid all months before that month.

11

78.     In Case No. Case D-08-LT-25-61497-115 OliveTree asserted the rent due was more than $1075 and the late fee was more than 5% of the rent amount. The unpaid amounts were alleged to be for the month of August, 2024. No claim was made for any prior month confirming Plaintiff paid all months before that month. The rent was increased to $1125 from $1120 and the late fee was increased from $56 to $56.25.  For this FTPR suit and all subsequent ones.

79.     In Case No. Case D-08-LT-25-59478-110 OliveTree asserted the rent due was more than $1075 and the late fee was more than 5% of the rent amount. The unpaid amounts were alleged to be for the month of March, 2025. No claim was made for any prior month confirming Plaintiff paid all months before that month.

80.     In Case No. Case D-08-LT-25-66800-121 OliveTree asserted the rent due was more than $1075 per month and the late fee was more than 5% of the rent amount. The unpaid amounts were alleged to be for the months of May and June 2025. No claim was made for any prior month confirming Plaintiff paid all months before that month.

81.     In Case No. Case D-08-LT-25-70920-104 OliveTree asserted the rent due was more than $1075 and the late fee was more than 5% of the rent amount. The unpaid amounts were alleged to be for the month of July, 2025. No claim was made for any prior month confirming Plaintiff paid all months before that month.

82.     In Case No. Case D-08-LT-25-75526-106 OliveTree asserted the rent due was more than $1075 and the late fee was more than 5% of the rent amount. The unpaid amounts were alleged to be for the months of May-August 2025 despite the last case that asserted the only amount due was for the month of July, 2025.  No claim was made for any prior month confirming Plaintiff paid all months before that month.

12

83.     As shown by the filings in the above cases, Defendant was seeking her to pay late fees more than 5% of the rent amount.

84.     The late fee provision of the lease permits a late fee if the consumer is less than 15 days late.

85.     The first four cases listed were filed in the name of OliveTree Management TA Foundry by the Park Townhomes.

86.     Olivetree collected debts from Plaintiff for others that were incurred primarily for personal, household or family purposes.

87.     Plaintiff was a party to a lease, upon information and belief, that was prepared by OliveTree.

88.     Plaintiff made payments under the lease in response to Defendant's collection efforts and collection attempts made by Defendant for others. These payments included payments for late fees.

89.     OliveTree presented a lease and enforced lease provisions that waived Queen's rights and the rights of other residential tenants included in the proposed class.

90.     OliveTree collected rent and late fees for another while it was not licensed as a collection agency.

91.     OliveTree collected rent and late fees for another from the Plaintiff while it was not licensed as a collection agency.

**RELIEF SOUGHT**

92.     Under Maryland law, a consumer is entitled to damages under the MCDCA for amounts collected through an unlicensed collection agency and a court may declare judgments obtained through an unlicensed collection agency unenforceable.

93.     Under Maryland law, a consumer is entitled to damages under §8-208 of the Real Property Article for the presentation or enforcement of lease provisions that waive the rights of tenants.

94.     Declaratory and injunctive relief sought under the MCDCA and §8-208 of the Real Property Article is permitted.

95.     A class for damages may also be maintained under Federal Rule 23 (a) and (b)(3).

96.     A class for declaratory and injunctive relief under Federal Rule 23 (a) and (b)(2).

97.     Plaintiff seeks declaratory relief and monetary damages due to OliveTree's numerous violations of the MCDCA, the Maryland Consumer Protection Act and OliveTree's unjust and inequitable conduct which has resulted in collection of money from the Plaintiff and the class, including through unenforceable judgments.

98.     The Plaintiff seeks to represent a class of all consumers against whom OliveTree has engaged in debt collection while unlicensed as a collection agency, including to recover amounts collected by OliveTree as late fees or costs associated with failure to pay rent actions that were not awarded by a court.  The plaintiff seeks to have any judgments unlawfully entered declared unenforceable and all amounts wrongfully collected by OliveTree disgorged or awarded as damages.

99.     Plaintiff seeks declaratory relief and monetary damages due to OliveTree's numerous violations of §8-208(d)(2) of Real Property Article and OliveTree's unjust and inequitable conduct which has resulted in collection of money from the Plaintiff and the class, including through unenforceable judgments.

100.    Maryland law permits the recovery of nominal damages for violations of rights granted to consumers under consumer protection statutes. Md. Code Ann., Gen. Prov. §1-701.1.

## **Jurisdiction and Venue**

101.    This action was filed in the Circuit Court for Baltimore County Maryland. The Defendant removed the action to this court asserting that this Court has jurisdiction over the claims asserted herein under the Class Action Fairness Act, 28 U.S.C.A.§1332(d). See ECF 1.

102.    The claims in this case are all based on Maryland state law. There are no federal claims asserted in this action.

103.    Defendant alleged the proposed class consists of more than 100 persons and that the amount in controversy is more than $5,000,000.

104.    Upon information and belief, more than two thirds (2/3) of the class are residents of Maryland.

105.    Declaratory and injunctive relief sought under the MCDCA and §8-208 of the Real Property Article is permitted and allowed.

106.    This Court may grant declaratory and injunctive relief pursuant to 28 U.S.C.A §2201.

107.    There is a real dispute between the parties with opposing legal interests.

108.    Venue is proper under 28 U.S.C.A. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated in this District.

## Class Allegations

109.    The Class is defined as:

All individuals who are or were a residential tenant with an address in Maryland that OliveTree Management LLC acted as the Property Manager in the three years preceding the filing of the Complaint in this action until a class is certified.

110.    The following people are excluded from the class:

a.    employees or independent contractors of the Defendant;

b.    relatives of employees and independent contractors of the Defendant;

c.    employees of the Court where this action is pending.

111.    The Members of the Class are ascertainable.  All Class Members are readily identifiable from the information and records in the possession or control OliveTree or its affiliated entities and agents.

112.    The Members of the Class are sufficiently numerous that individual joinder of all members is impractical. OliveTree is the managing agent for Foundry by the Park, a complex consisting of 592 units and has engaged in collection from tenants living in the units.

113.    There are questions of law and fact common to the Class Members which predominate over any questions affecting only individual members and, in fact, the wrongs alleged against OliveTree by the Plaintiff and for Class Members and the remedies sought by Plaintiff and for the Class Members against OliveTree are identical, the only difference being the exact monetary sum which each Class Member is entitled to receive from OliveTree. The common issues of Fact and Law include but are not limited to:

a)    Whether Defendant acted as a collection agency in the State of Maryland;
b)    Whether Defendant was licensed to act as a collection agency in Maryland;

c)      Whether this Court may declare any judgments against the Class Members unenforceable in accordance with the decision in *LVNV Funding, LLC v. Finch, supra*;

d)      Whether Defendant threatened or took actions that it had no right to take under state law.

e)      Whether Defendant sought amounts not legally due to property owners from class members.

f)      Whether the Plaintiff and Subclass members are entitled to declaratory, injunctive and other relief against Defendant for violations of Md. Code Ann., Real Prop. § 8-208 (d)(2).

g)      Whether the Defendant has been unjustly enriched?

114.    Plaintiff's legal and equitable claims are typical and the same or identical to each Class Member she asks to represent and will be based on the same legal theories and facts.

115.     OliveTree's defenses would be typical and the same or identical for each Class Members and will be based on the same legal and factual theories.

116.    Plaintiff will fairly and adequately protect the interests of all Class Members who he represents in the prosecution of this action. Plaintiff is similarly situated with, and have suffered similar injuries as, the Class Members that Plaintiff seeks to represent. Plaintiff feels that she has been wronged, wishes to obtain redress of the wrong, and wants Defendant to be stopped from enriching itself from illegal activities or otherwise perpetrating similar wrongs on others.

117.    To that end, the Plaintiff has retained counsel experienced in handling class action suits involving unfair or deceptive business practices that harm consumers.

118.    Certification of the Class under Federal Rule 23(b)(2) is appropriate because Defendant, by acting as a collection agency without a license and seeking to enforce lease provisions that waives a tenant's rights, has acted on grounds generally applicable to the class, making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

119.    Certification of the Class under Federal Rule 23 (b)(3) is appropriate as to the Class Members in that common questions predominate over any individual questions and a class action is superior for the fair and efficient adjudication of this controversy. State and Federal Courts have certified classes based on unlicensed collection agencies.

120.    A class action will cause an orderly and expeditious administration of the Class Members' claims, and economies of time, effort and expenses will be fostered and uniformity of decisions will be insured.

121.    The only individual questions concern the identification of Class Members who are entitled to any funds that OliveTree is ordered to pay as damages or to disgorge from the fruit of its unlawful activities.

122.    This information can be determined by a ministerial examination of public records in various court houses or from the Defendant's business records or other sources, which are admissible as an exception to the hearsay rule and as a statement by a party. Defendant is required by law to keep records of any payments it receives from tenants. Md. Code Ann., Real Prop. § 8-208.3

123.    The Plaintiff and Class Members have suffered damages, losses, and harm similar to those sustained by the Plaintiff and described above.

**COUNT I**
**Maryland Consumer Debt Collection Practices Act and the**
**Maryland Consumer Protection Act For Class Members**
**Collections by an Unlicensed Collection Agency For Class Members**

124.    Plaintiff incorporates the foregoing allegations.

125.    OliveTree has engaged in the business of collecting consumer debts by making demands for payments from Plaintiff and others for rent, utilities, services, late fees or collecting amounts through lawsuits it caused to be filed against the Plaintiff

when it was not licensed to act as a collection agency.

126.    OliveTree violated the MCDCA and MCPA when it directly or indirectly participated in collecting from Class Members, engaging in collection efforts, filing lawsuits and obtaining judgments when it was unlicensed in violation of §14-202(10).

127.    Defendant's knowing initiation and participation in collection efforts, directly or indirectly, including lawsuits, without a collection agency license violates § 14-202(8) because Defendant was asserting rights it knew it did not have against Plaintiff and others.

128.    The collections or lawsuits initiated and participated in by Defendant against the Plaintiff and others concerned "real or personal property, services, money, or credit for personal, family, or household purposes."  Md. Code Ann., Com. Law §14-201(b).

129.    The Defendant's actions in violation of the MCDCA also constitute a per se violation of the Maryland Consumer Protection Act, Md. Code Ann., Comm. Law § 13-101, *et seq.* ("MCPA") under Md. Code Ann., Com. Law § 13-301(14)(iii).

130.    The lease stated that the Defendant would only collect late fees based on the base rent. That statement was false because the Defendant calculated late fees based on the base rent and other fees.

131.    The false statement violated the MCPA under Md. Code Ann., Com. Law § 13-301(1).

132.    Plaintiff was injured by the unlicensed collection activities and false statement by making payments in response to the unlicensed collection efforts by Defendant.

**WHEREFORE** Plaintiff, the Class Members therefore ask the court to:

a. Certify this case as a class action with the Plaintiff as Class representative and Plaintiff's attorneys as counsel on behalf of the Class Members described herein;

b. Grant a money judgment in favor of the Plaintiff, Class Members in an amount as determined by a jury, for violations of the MCDCA;

c. Declare that Defendant violated the MCDCA;

d. Declare that any judgments obtained by the Defendant are unenforceable and grant injunctive relief against Defendant from trying to enforce any judgment obtained.

e. Permit members to pursue any damages allowed by §14-203 through a process later established by the Court;

f. Award reasonable attorney's fees, litigation expenses and costs pursuant to Md. Code Ann., Com. Law § 13-408; and

g. Provide such other or further relief as the Court deems appropriate.

## COUNT II

### Violation Of Real Prop. Art. §8-208 For An Illegal Late Fee Provision On Behalf of the Class Members

133. Plaintiff incorporates the foregoing allegations.

134. The lease provided to Plaintiff violated provisions of the Code.

135. Upon information and belief, the Defendant presented the same or a substantially similar form of a lease to Class Members.

136. The late fee provision provides for imposition of a late fee if a tenant is less than 15 days late.

137. The late provision purports to limit the fee to 5% of the base rent but in

20

practice, the Defendant charges late fees more than 5% of the base rent.

138.    The provision is a waiver of a tenant's rights under applicable law.

139.    The lease provision is unenforceable.

140.    The Defendant's actions violate §8-208(d)(2) of the Real Property Art.

141.    Plaintiff paid late fees demanded by the Defendant.

142.    The Plaintiff and Class Members are entitled to damages as allowed by law for this statutory violation under §8-208(g).

**WHEREFORE** Plaintiff and the Class Members therefore ask the court to:

a. Certify this case as a class action with the Plaintiff as class representative and Plaintiff's attorneys as counsel for Class Members;

b. Grant a money judgment in favor of the Plaintiff, Class Members in an amount determined by a jury, for violations of §8-208;

c. Declare that Defendant violated §8-208;

d. Permit Class members to pursue any damages allowed by §8-208 through a process later established by the Court;

e. Award reasonable attorney's fees, litigation expenses and costs pursuant to §8-208(g)(2); and

f. Provide such other or further relief as the Court deems appropriate.

**COUNT III**
**Maryland Consumer Debt Collection Practices Act and the Maryland Consumer Protection Act For Class Members And Collections Based on Collections Under Unenforceable Lease Provisions**

143.    Plaintiff incorporates the foregoing allegations.

21

144.   The Defendant has collected late fees based on a calculation that includes more than the base rent.

145.   The Defendant has violated §8-208(3)(i) by exceeding the 5% limitation on late fees.

146.   The lease provision permits the assessment of late fees when the tenant is less than 15 days late.

147.   The Plaintiff paid Defendant late fees based on the illegal provision.

148.   The Defendant has asserted rights that it knows it does have when it enforced the illegal lease provision.

149.   Defendant's actions violate § 14-202(8) because Defendant was asserting rights it knew it did not have against Plaintiff and others.

150.   The collections or lawsuits initiated and participated in by Defendant against the Plaintiff and others concerned "real or personal property, services, money, or credit for personal, family, or household purposes."  Md. Code Ann., Com. Law §14-201(b).

151.   The Defendant's actions in violation of the MCDCA also constitute a per se violation of the Maryland Consumer Protection Act, Md. Code Ann., Comm. Law § 13-101, *et seq.* (MCPA) under Md. Code Ann., Com. Law § 13-301(14)(iii).

152.   Plaintiff was injured by the enforcement of an illegal and unenforceable late fee by making payments in response to demands that the late fees be paid.

153.   The Plaintiff and Class Members are entitled to damages based on payments made because of Defendant's enforcement of an illegal and unenforceable late fee provision.

**WHEREFORE** Plaintiff and the Class Members therefore ask the court

to:

a. Certify this case as a class action with the Plaintiff as Class a representative and Plaintiff's attorneys as counsel on behalf of the Class Members described herein;

b. Grant a money judgment in favor of the Plaintiff and Class Members in an amount determined by a jury, for violations of the MCDCA;

c. Declare that Defendant violated the MCDCA;

d. Permit Class members to pursue any damages allowed by §14-203 through a process later established by the Court;

e. Award reasonable attorney's fees, litigation expenses and costs pursuant to Md. Code Ann., Com. Law § 13-408; and

f. Provide such other or further relief as the Court deems appropriate

### COUNT IV
### Money Had and Received/Unjust Enrichment For Class Members

154.    Plaintiff incorporates the foregoing allegations.

155.    Defendant was not entitled to receive any benefit or payments from Class Members through collection activities it engaged in directly or indirectly because it did not have the legal right to engage in debt collection without a collection agency license.

156.    OliveTree knew or acted with reckless disregard that it was required to have a license to act as a collection agency in the State of Maryland.

157.    Defendant failed to obtain a license to act as collection agency before seeking monies from Class Members.

158.    OliveTree was not entitled to receive any benefit or payments from Class

Members from illegal late fee provisions.

159.   Due to its knowledge, OliveTree had an appreciation that it was not entitled to receive the benefits it was collecting from Class Members related to collections, actions filed or judgments that were improperly obtained through its actions.

160.   Due to its knowledge, OliveTree had an appreciation that it was not entitled to receive the benefits it was collecting from Class Members based on illegal late fee lease provisions.

161.   The acceptance and retention by OliveTree of any sums obtained by it from the Plaintiff and Class Members under such circumstances is inequitable since OliveTree did not have the legal right to collect such payments. The amounts accepted and retained by OliveTree are liquidated amounts, and any profits or advantage obtained from the use of those amounts should be disgorged.

**WHEREFORE**, Named Plaintiff and Class Members ask the Court to:

a.   Certify this case as a class action with Named Plaintiff as Class representative and Plaintiff's attorneys as counsel on behalf of the Plaintiff Class members described herein;

b.   Grant a money judgment and order the Defendant to disgorge and pay to the Plaintiff Class Members all amounts collected by OliveTree for its collection activities or late fees;

c.   Order the Defendant to disgorge all income, profits or other advantages it obtained using the funds collected from Plaintiff and the Class.

d.   Award pre-judgment interest on the sums described above.

e.   Award reasonable attorney's fees, litigation expenses and costs;

and

f.    Provide such other or further relief as the Court deems appropriate.

COUNT V

VIOLATION OF REAL PROPERTY ARTICLE §8-208

162.    Plaintiff incorporates the foregoing allegations.

163.    The lease that Defendant presents or seeks to enforce against the Plaintiff and Class Members includes provisions that waive the rights of the tenants.

164.    The lease provides the landlord the right to allocate payments made by tenants.

165.    The lease provides that the tenant may be liable for various legal fees and costs that have not been awarded by a court and even if no action is filed by the Defendant.

166.    The lease appoints an unlicensed entity to collect rent and other amounts under the lease.

167.    Based on the lease's definition of additional rent, the Defendant has wrongfully sought to recover more than the base rent in Failure to Pay Rent Actions filed against Plaintiff and class members.

168.    Plaintiff and the Class members have a right provided by law that prohibits illegal provisions being included in leases presented to them or enforced against them.

169.    Defendant denied the Plaintiff and the Class members the rights they are entitled to under 8-208(d)(2).

170.    Plaintiff and the Class members have been injured by the denial

of their rights.

171.    Maryland law allows the recovery of damages under 8-208(g).

172.    Maryland law defines damages in a consumer protection statute to include nominal damages. Md. Code Ann., Gen. Prov. §1-701.1.

**WHEREFORE** Plaintiff, the Class Members therefore ask the court to:

a. Certify this case as a class action with the Plaintiff as Class representative and Plaintiff's attorneys as counsel on behalf of the Class Members described herein;

b. Grant a money judgment in favor of the Plaintiff, Class Members in an amount as determined by a jury, for violations of 8-208(d)(2);

c. Declare that Defendant violated 8-208(d)(2);

d. Declare the provisions that violate 8-208(d)(2) unenforceable and grant injunctive relief against Defendant from trying to enforce any illegal provision.

e. Permit members to pursue any damages allowed by §8-208 through a process later established by the Court;

f. Award reasonable attorney's fees, litigation expenses and costs pursuant to Md. Code Ann., § 8-208; and

g. Provide such other or further relief as the Court deems appropriate.

Respectfully Submitted,

/s/ Scott C. Borison
SCOTT C. BORISON
Bar No. 22576
MADISON J. BORISON
Bar No. 31355
Borison Firm, LLC
1400 S. Charles St
Baltimore, MD 21230
(301) 620-1016
scott@borisonfirm.com
mj@borisonfirm.com


Lawrence R. Holzman
Bar No. 10751
Holzman Law Firm, LLC
One Research Ct, Suite 450
Rockville, MD 20850
(301) 876-4393
lholzman@theholzmanlawfirm.com

ATTORNEYS FOR THE NAMED
PLAINTIFFS AND THE CLASS

**DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury on all issues triable of right by a jury.

Respectfully Submitted,


/s/ Scott C. Borison
SCOTT C. BORISON